## Case No. 310.

### AMERICAN NICHOLSON PAVEMENT CO. v. ELIZABETH et al.

[1 Ban. & A. 463;[1] 6 O. G. 772.]

Circuit Court, D. New Jersey. Oct., 1874.

APPEAL TO SUPREME COURT—REQUISITES—AMOUNT OF BOND.

1. Where the decree is for recovery of money not otherwise secured, the practice of the court, upon an allowance of an appeal from the circuit to the supreme court, requiring a bond, with one or more sureties, for double the amount of the decree and costs, should not be departed from, except in cases where the appellee is made secure in other ways, and where such requirement, under some special circumstances, will operate as a hardship on the appellant.

2. The practice of requiring the bond to be in double the amount ought not always to be insisted on, as the law does not require that the security should be in any fixed proportion to the decree. It is only necessary that it should be sufficient.

3. The case of Stafford v. Union Bank, 16 How. [57 U. S.] 135, considered.

[In equity. Bill by the American Nicholson Pavement Company against the City of Elizabeth, George W. Tubbs, and the New Jersey Wood Paving Company, for an injunction restraining the infringement of patent No. 11,491, and its several reissues. Decree for complainant. American Nicholson Pavement Co. v. City of Elizabeth, Case No. 311; Id. 309. Heard on application to determine the amount of bond to be given upon allowance of appeal to the supreme court. The decree was subsequently affirmed by the supreme court. 97 U. S. 126.]

C. A. Seward, for complainant.
Keller & Blake, for defendants.

NIXON, District Judge. This is an application to the court to determine the amount of the bond and security to be given on the allowance of an appeal to the supreme court. The 56th section of the patent act of July 8, 1870, (16 Stat. 207,) allows a writ of error, on appeal to the supreme court from any judgment or decree of a circuit court, in any case at law or in equity, touching patent rights, in the same manner, and under the same circumstances, as in other judgments and decrees of such circuit courts, without regard to the value or sum in controversy. The 22d section of the judiciary act, (1 Stat. 73,) as modified by the 2d section of the act of March 3, 1803, (2 Stat. 244,) prescribes the conditions and circumstances under which writs of error and appeals may be brought, and enacts, that every justice or judge, signing a citation on any writ, shall take good and sufficient security, that the plaintiff in error, or appellant, shall prosecute his writ to effect, and answer all damages and costs, if he fail to make his plea good. By the act of December 12, 1794, (1 Stat. 404,) passed to amend and explain the above recited section, the security to be required and taken, on the signing of a citation, or any writ of error, which shall not be a supersedeas and stay execution, shall be only to such amount, as, in the opinion of the judge taking the same, shall be sufficient to answer all such costs, as, upon the affirmance of the judgment or decree, may be adjudged to the respondent in error.

In order that the writ may operate as a supersedeas, and stay the execution, it is necessary that a copy should be lodged for the adverse party in the clerk's office, where the record remains, within ten days, Sundays exclusive, after rendering the judgment or passing the decree complained of, and, also, that the bond, approved by the judge, allowing the writ, should be filed there. It is true, that by the 11th section of the act of June 1, 1872, (17 Stat. 198,) a supersedeas may be obtained, if security be given and the bond approved by the judge within sixty days after the rendition of the judgment or signing the decree; but, it has been held, that such a supersedeas stays the proceedings, only, after the filing of the bond, and, that all liens, previously acquired, remain. Commissioners of Boise Co. v. Gorman, [19 Wall. (86 U. S.) 661.] In furtherance of the objects of

---

[1][Reported by Hubert R. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

the foregoing legislation, rule No. 29 of the supreme court, prescribes that: "Supersedeas bonds, in the circuit courts, must be taken, with good and sufficient security, that the plaintiff in error or appellant shall prosecute his writ of appeal to effect, and answer all damages and costs, if he fail to make his plea good; such indemnity, where the judgment or decree is for the recovery of money not otherwise secured, must be for the whole amount of the judgment or decree, including just damages for delay and costs and interest on the appeal."

A final decree was entered against all the defendants, The New Jersey Wood Paving Company, George W. Tubbs, and the city of Elizabeth, as joint trust-feasors or infringers, on the —— day of ——, A. D. 1874, for the sum of $—— and costs. No execution has been issued, and one of the objects to be gained by filing the bond, is to obtain a supersedeas, under the act of June 1, 1872. If this were not desirable, an appeal could be had by giving the bond in a sum sufficient to cover the costs that may be adjudged to the respondent in error, by virtue of the provisions of the act of December 12, 1794. In cases of this sort, where, in the language of the 29th rule, "the decree is for the recovery of money not otherwise secured," the practice of the court, heretofore, has been to require a bond, with one or more sureties, for double the amount of the decree and costs, and such practice should not be departed from, except in those cases where the appellee is made secure in other ways, and where such requirement, under some special circumstances, will operate as a hardship on the appellant. In the present case, the court is asked to approve of the bond of the defendants alone, not requiring any other security, and the application is based upon two conditions: First, because the decree, binding the real estate of the defendants, is itself a sufficient security; and, second, because the bond of one of the defendants, the city of Elizabeth, gives to the complainant all the indemnity which ought to be demanded.

The reply to the first is, that under the laws of the state of New Jersey (Nix. Dig. tit. "Executions," §§ 3, 4), the lien of the decree is liable to be divested by younger decrees or judgments, upon which executions may be issued. The reply to the second is, that if it be true, as was alleged by the counsel of the defendants, and, we doubt not, honestly, that the bond of one of the defendants is ample security for the whole decree, then sureties can be obtained without difficulty, as no pecuniary risk or damage is run by third persons in entering upon the bond; and, if it is not true, then justice to the complainant suggests that additional security should be required.

In Stafford v. Union Bank, 16 How. [57 U. S.] 135, it was this last consideration which seemed to have weight with the supreme court in its refusal to sanction the diminution of the amount of the bond, because other security had been given. The case was this: A bill was filed in the district court of Texas for the foreclosure of a mortgage on certain slaves, then in the possession of parties who had hired their labor. The court appointed a receiver, to receive all sums of money accruing from their hire pendente lite, and required him to give bonds in the aggregate penalty of $40,000, for the faithful discharge of his duties. The hirers of the slaves also executed bonds, in the penal sum of $80,000 for the safe keeping and delivering of the slaves. A final decree was rendered February 25, 1854, by which it was directed, that the sums accruing from the hire of the slaves, in the custody of the receiver, amounting to $25,379, should be paid by the receiver to the complainant, and credited on the total amount due from the defendants; and that, in case the defendants failed to pay the balance remaining due after such credit, amounting to $39,877, on the 1st of July, 1854, they should be foreclosed of their equity of redemption, and the master should seize and sell the slaves at public auction, etc., and pay to the complainant, out of the proceeds of the sale, the foregoing sum of $39,877, in satisfaction of the debt. On the tenth day after the entry of the said decree, the defendants prayed an appeal, which the court granted, upon the condition that they should enter into a bond, with sureties, in the penal sum of $10,000, conditioned to prosecute their appeal with effect, and answer all damages and costs. Objections being interposed, by complainant, to the amount of the bond, the court overruled them, on the ground that the bonds of the receiver and of the hirers of the slaves, with good and sufficient sureties, in the aggregate sum of $120,000, were, in fact, for the benefit of the complainant, and that the only additional security he ought to demand, was, for the special damages which might be imposed by the supreme court for the delay.

It was held that the court below erred in taking security for less than the whole amount of the decree, and that the two facts above named—first, that the receiver appointed by the court had given bonds for a large amount, and, second, that the persons, to whom the mortgaged property had been hired, had executed security for its safe keeping and delivery—did not relieve the judge from the obligation, under the law, of requiring security, on the appeal bond, equal to the amount of the decree. And Mr. Justice McLean, in delivering the opinion of the court, remarked: "The hardship of this rule," i. e., demanding of the appellant, a bond for the full amount of the decree, "is more imaginary, than real. * * * If the receiver has given security, in $40,000, faithfully to pay over the money in his hands, and if those persons who employed the slaves have given bond in $80,000 for the

safe keeping and delivery of them, and the sureties are good, the appellant can have no difficulty in giving the security on his appeal to the amount of the decree in the district court. It is true, the property is taken out of his possession and control, but it is in possession of persons who gave bonds for its safe keeping and delivery when required, a part of it, in payment of the decree, and the residue, to be sold in satisfaction of the balance of the decree. In this condition of the property, if the transaction be bona fide (and it may be presumed to be fair, as the arrangement was made under the order of the court,) the responsibility on the appeal bond can be little more than nominal."

The counsel for the defendants invited the attention of the court to the case of Rubber Co. v. Goodyear, 6 Wall. [73 U. S.] 153, where the supreme court seemed to depart from the principle of Stafford v. Union Bank, supra; but nothing was done in that case, which would sustain this court, in approving the bond of the defendants, without requiring any other security. There, the decree had been for $310,753, and the judge of the circuit, following the usual practice, had demanded a bond in double the amount of the decree. Application was made to the supreme court for the reduction of the sum; and, it appearing to the court, that the defendants had given security, in part, by the deposit of the bond of the United States and other private bonds, in the sum of $200,000, the appellant was allowed to withdraw the bond then on file, upon filing a bond, in lieu thereof, in the sum of $225,000, with good and sufficient sureties. It will be observed, that the court founded its action, in that case, on the fact, first, that the appellant had already placed under the control of the court actual assets of the value of not less than $200,000, for the benefit of the appellee, and, second, upon the further consideration that the substituted bond for $225,000 should be executed with good and sufficient sureties. The chief justice, indeed, in delivering the opinion of the court, said, that the usual practice of requiring the bond in double the amount, ought not always to be insisted on, as the law did not require that the security should be in any fixed proportion to the decree. It was only necessary that it should be sufficient. Such a suggestion addresses itself to the reason of the court, especially, in those cases where the decree is for a large sum, and it was acted on, by this court, in the case of New Jersey Zinc Co. v. Wetherill, [Case No. 17,464,] in which the decree was for upward of $300,000. We added to that, a sum, reckoned large enough, to cover all possible increase for interest, costs, and damages for delay, and directed that the bonds should be executed only for such amount. It was not doubted, in that case, but that the property of the appellant, bound by the decree, was more than sufficient to pay the decree, interest, damages, and costs; and that the bond of the appellant, without other security, was ample for every probable liability arising from the affirmance of the decree on the appeal. Yet, it did not seem to occur, either to the counsel, or the court, that anything less, ought to be offered or accepted, than approved sureties in addition to the bond.

We do not think, in the present case, that the appellants should be required to give bond in double the amount of the decree. One hundred thousand dollars will entirely secure all that the appellee, under any conceivable circumstances, will be entitled to claim on affirmation of the decree of the circuit court, and, if all the defendants unite in a bond in that penalty, conditioned to prosecute their appeal to effect, and answer all damages and costs against either of the defendants, with good and sufficient sureties, it will be approved by the court.

[NOTE. For a note concerning the patent involved in this case, see American Nicholson Pavement Co. v. City of Elizabeth, Case No. 309.]